IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL RUSSAW, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:12cv438-TMH |
| ) | (WO) |
| ANDY R. HUGHES, *et al.*, ) | |
| ) | |
| Respondents. | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This cause is before the court on a *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 filed on May 16, 2012, by Michael Russaw ("Russaw"), a state pretrial detainee. Doc. No. 1.[1] Russaw is currently incarcerated and awaiting trial on criminal charges pending against him in the Circuit Court for Houston County, Alabama. By his petition, he challenges the allegedly excessive bail set in that case. The respondents have filed an answer (Doc. No. 11) in which they contends that Russaw's petition should be dismissed without prejudice because Russaw has failed to exhaust his available state court remedies as to his excessive-bail claim.

**II.   DISCUSSION**

A state pretrial detainee is entitled to raise constitutional claims in a federal habeas

---

[1] Document numbers are those assigned by the Clerk in the instant action. Page references in the pleadings are to those assigned by CM/ECF.

proceeding under 28 U.S.C. § 2241 if two requirements are satisfied.  First, the petitioner must be in custody.  *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).  Russaw is currently incarcerated and awaiting trial on criminal charges pending against him in the Circuit Court for Houston County, Alabama.  He thus appears to satisfy the "in custody" requirement for purposes of § 2241.  Secondly, a § 2241 petitioner must exhaust his available state remedies.[2]  State remedies are ordinarily not considered exhausted so long as a petitioner may effectively present his claims to the state courts by any currently available and adequate procedure.  *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489 (1973).  Pursuant to 28 U.S.C. § 2254(c), a petitioner "shall not be deemed to have exhausted the remedies available in the court of the State ..., if he has the right under the law of the State to raise, by any available procedure, the question presented."  Typically, in order to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated.  *See O'Sullivan v. Boerckel*, 526 U.S. 828, 845 (1999); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).

Russaw contends that his constitutional rights have been violated in pending state criminal proceedings for a felony count of second-degree theft of property.  More

---

[2] Although the statutory language of § 2241 itself does not contain an exhaustion requirement, this Circuit has determined that the requirements of § 2254, including exhaustion of state remedies, apply to a subset of petitioners to whom § 2241(c)(3) applies, i.e., those who are "in custody in violation of the Constitution or laws or treaties of the United States."  *See Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003); *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004); *see also Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489-92 (1973); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976).

specifically, he alleges that excessive bail has been set in his case in the Circuit Court of Houston County. A pretrial detainee in Alabama wishing to assert an excessive bail claim should present the claim through a petition for writ of habeas corpus filed in the state courts. *See Ex Parte Stokes*, 990 So.2d 852, 856 (Ala. 2008). In response to this court's order directing him to show cause why his petition should not be dismissed for failure to exhaust state court remedies (Doc. No. 12), Russaw argues that he exhausted his state court remedies by filing a petition for writ of habeas corpus challenging his allegedly excessive bail with the trial court sometime after June 14, 2012, which, he says, was denied by the trial court on August 7, 2012. Doc. No. 15 at 1-2.

There are two problems with Russaw's argument. First, even if the filing of a petition for writ of habeas corpus with the state trial court were sufficient to exhaust state court remedies (which it is not), state court remedies must be exhausted *prior* to the filing of a § 2241 habeas petition in federal court. Russaw did not file his habeas petition with the trial court challenging his bail until almost a month after he filed the instant § 2241 petition. Next, under Alabama law, a pretrial detainee raising a claim of excessive bail who has had his petition for writ of habeas corpus presenting his excessive-bail claim denied by the trial court, must seek review of the trial court's ruling by filing a petition for writ of habeas corpus with the Alabama Court of Criminal Appeals, and he must seek review of an adverse ruling of the Alabama Court of Criminal Appeals on his excessive-bail claim by filing a petition for writ of habeas corpus in the Alabama Supreme Court. *See Ex parte Colbert*, 805 So.2d 687,

3

688 (Ala. 2001).  It is clear from the pleadings that Russaw has failed to exhaust his state court remedies by fairly apprise the highest state court of his federal rights that were allegedly violated.  *See Boerckel*, 526 U.S. at 845; *Richardson*, 762 F.2d at 432.

This court does not deem it appropriate to rule on the merits of Russaw's claim without first requiring that he exhaust state court remedies.  Further, this court should abstain from now considering Russaw's claim out of deference to the state courts.  Principles of federalism and comity require that this court abstain until all state criminal proceedings are completed and a petitioner exhausts available judicial state remedies, *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980), unless special circumstances warranting federal intervention prior to a state criminal trial can be found, *see id*. at 83–84; *see also Finetti v. Harris*, 609 F.2d 594, 597–98 (2nd Cir. 1979) (state prisoner seeking to challenge in federal court the constitutionality of the denial of state bail must do so by way of a petition for writ of habeas corpus and must exhaust state remedies by presenting his claims to the highest state court available for review); *accord Danylocke v. Dalsheim*, 662 F.Supp. 961, 962 (S.D.N.Y. 1987).

Because no special circumstances are presented that warrant excusing the exhaustion requirement, the court therefore concludes that the instant petition should be dismissed without prejudice so that Russaw may exhaust available state court remedies.  *See* 28 U.S.C. § 2254(1)(b)(2).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28

U.S.C. § 2241 petition for habeas corpus relief filed by Russaw be DISMISSED without prejudice to afford Russaw an opportunity to exhaust all available state court remedies. It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before September 11, 2012**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable. Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc ), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 28th day of August, 2012.

                                             /s/Charles S. Coody  
                                             CHARLES S. COODY  
                                             UNITED STATES MAGISTRATE JUDGE